

N.Y.S.D. Case #
12-cv-4027(GBD)

16-222-cv
*Loeza, et al. v. JP Morgan Chase & Co. et al.*

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           CHRISTOPHER F. DRONEY,
                       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARY LOEZA, MATT WARD, CARMINA MCCORMACK,

                *Plaintiffs-Appellants*,

GREGORY SCRYDOFF, Individually and on behalf of all others similarly situated,

                *Plaintiffs*,

         v.                               16-222-cv

JOHN DOES 1-10, JOHN DOES 1-100, BERNADETTE J. ULISSI, DAVID C. NOVAK, STEPHEN B. BURKE, LEE R. RAYMOND, WILLIAM WELDON, JAMES DIMON, INA R. DREW, NORMAN CORIO, SALLY DURDAN, JPMORGAN RETIREMENT PLAN, JPMORGAN COMPENSATION 7 MANAGEMENT DEVELOPMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 17, 2016

**MANDATE ISSUED ON 11/17/2016**

COMMITTEE, JPMORGAN CHASE 401(K) SAVINGS
PLAN, SELECTION COMMITTEE,
          *Defendants*,

JPMORGAN CHASE & CO., JPMORGAN CHASE
BANK, N.A., DOUGLAS L. BRAUNSTEIN, JOHN
WILMOT,
          *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | SAMUEL E. BONDEROFF (Jacob H. Zamansky, *on the brief*), Zamansky LLC, New York, New York. |
| FOR DEFENDANTS-APPELLEES: | RICHARD C. PEPPERMAN, II (M. David Possick, Daryl A. Libow, *on the brief*), Sullivan & Cromwell LLP, New York, New York *and* Washington, D.C. |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants appeal a January 11, 2016 judgment of the district court dismissing this putative class action against defendants-appellees. The Fourth Amended Complaint (the "Complaint") alleges that certain fiduciaries of the JPMorgan Chase & Co. 401(k) Savings Plan (the "Plan") breached the duty of prudence owed to Plan participants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. By an opinion and order entered January 8, 2016, the district

- 2 -

court granted defendants' motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint failed to satisfy the applicable pleading requirements articulated by the Supreme Court in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014). We review *de novo* a district court's grant of a motion to dismiss. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). We assume the parties' familiarity with the Complaint, procedural history, and issues on appeal.

Plaintiffs are current and former employees of defendant-appellee JPMorgan Chase & Co. ("JPMorgan") who participated in the Plan and invested portions of their retirement in the JPMorgan Chase Common Stock Fund (the "Fund"). The Fund invests primarily in JPMorgan common stock, and thus it is an employee stock ownership plan under ERISA.

The Complaint alleges that defendants, who are JPMorgan corporate insiders and named fiduciaries of the Plan, were imprudent in failing to prevent the Fund from purchasing JPMorgan stock at a price inflated by alleged securities fraud related to certain trading activities undertaken by the firm's Chief Investment Office (the "CIO"). Specifically, it is alleged that defendants-appellees Douglas Braunstein and James Wilmot knew that the CIO had taken risky trading positions and helped it circumvent JPMorgan's internal risk controls. Such facts allegedly should have been

publicly disclosed under the federal securities laws. Their belated disclosure allegedly caused JPMorgan's stock price to fall by approximately 16% in one day.

Plaintiffs allege that Braunstein and Wilmot could have discharged their duty of prudence and prevented harm to the Fund either by freezing its purchases of JPMorgan stock or publicly disclosing the CIO-related securities fraud. The Complaint further alleges that these remedial measures would not have caused the Fund more harm than good because "the longer a fraud goes on, the more painful the [stock price] correction would be, as experienced finance executives like Wilmot and Braunstein reasonably should have known," J. App. at 59, and "[t]he longer [Wilmot and Braunstein] allowed Plan participants to be harmed by JPMorgan's fraud, the greater the harm to Plan participants [they] permitted," J. App. at 118.

The district court concluded that the Complaint failed to plausibly allege that a prudent fiduciary could not conclude that freezing purchases or disclosing the alleged securities fraud would cause the Fund "more harm than good," as is required to be alleged by *Fifth Third Bancorp*, 134 S. Ct. at 2473, and *Amgen Inc. v. Harris*, 136 S. Ct. 758 (2016) (per curiam). It dismissed the Complaint on that ground. Plaintiffs appeal, arguing that the Complaint satisfies the "more harm than good" prong of *Fifth Third Bancorp*.

We have reviewed the Complaint's allegations in this regard and conclude that they are wholly conclusory and materially indistinguishable from the allegations

that the Supreme Court found insufficient in *Amgen*. *See* 136 S. Ct. at 759-60. Therefore, the district court properly dismissed the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to defeat a Rule 12(b)(6) motion].").

    We have reviewed plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

          FOR THE COURT:
          Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 5 -